UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL ANTHONY LORUSSO,

    Plaintiff,

v.                                     Case No. 8:22-cv-2450-KKM-MRM

BOB GUALTIERI,

    Defendant.
_____

## ORDER

On October 21, 2022, Plaintiff, proceeding pro se, initiated this action by filing a complaint in the Western District of Michigan. Upon review, the Court concludes that the complaint constitutes an impermissible shotgun pleading.

LoRusso is an inmate in state custody that has repeatedly filed lawsuits against Sheriff Gualtieri. After filing multiple meritless petitions and letters, the Florida Supreme Court barred LoRusso from filing anything additional without the aid of an attorney. *See LoRusso v. State*, 334 So. 3d 1291, 1292 (2022). The Florida Supreme Court directed the Clerk to "reject any future pleadings, petitions, motions, documents, or other filings submitted by Michael LoRusso" related to his actions against Sheriff Gualtieri "unless such filings are signed by a member in good standing of The Florida Bar." *Id.* LoRusso's meritless filings will fare no better in federal court.

Complaints that violate Federal Rule of Civil Procedure 8(a)(2) or 10(b) "are often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). The Eleventh Circuit has recognized four basic types of shotgun pleadings: (1) a complaint that contains multiple counts where each count adopts the allegations of all preceding counts; (2) a complaint that is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) a complaint that fails to separate into different counts each cause of action or claim for relief; and (4) a complaint that asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions or which of the defendants the claim is brought against. *Id.* at 1321–23. "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

Here, Plaintiff's complaint appears to bring a vague set of claims against one or more defendants without specifying (1) which of the defendants are responsible for which acts or omissions or which defendants the various claims are brought against and (2) filling the complaint with vague and immaterial facts that do not appear relevant to any cause of action. Plaintiff accuses several individuals of wrongdoing in his complaint, including Pinellas County Sherriff Bob Gualtieri, Florida Governor Ron DeSantis, and Ann Arbor

Sherriff Jerry Clayton, among others, but fails to specify which (if any) causes of action he pleads against them. The complaint begins with a heading entitled "Violation of Sedition Acts," but LoRusso fails to mention any federal statute or other legal basis for his claims. (Doc. 1 at 1.) Further, the complaint is a recitation of many vague and possibly unconnected facts without clarity as to how they connect to the claims Plaintiff attempts to bring. The complaint rambles from discussions of events occurring at the United States Capitol on January 6, 2021, to an alleged domestic dispute and kidnapping in Utah in 2019. (Doc. 1 at 1, 5.) At bottom, this complaint does not give notice of the claims against the defendants and the grounds upon which each claim rests.

The Eleventh Circuit has explained that shotgun complaints are "altogether unacceptable," as they "exact an intolerable toll on the trial court's docket." *Cramer v. State of Fla.*, 117 F.3d 1258, 1263 (11th Cir. 1997). Although pro se pleadings are to be construed liberally and held to a less stringent standard than those drafted by attorneys, the Court has "little tolerance for shotgun pleadings." *Arrington v. Green*, 757 Fed. App'x 796, 797 (11th Cir. 2018); *see Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (explaining that a district court has the inherent authority to dismiss a complaint as a shotgun pleading but that a district court must "sua sponte allow a litigant one chance to remedy such deficiencies" in the circumstance of a non-merits dismissal on shotgun pleadings grounds).

Accordingly, it is **ORDERED**:

(1) Plaintiff's complaint (Doc. 1) is **STRICKEN**.

(2) By **November 9, 2022**, Plaintiff may file an amended complaint consistent with the directives of this Order and in compliance with Federal Rules of Civil Procedure 8(a)(2) and 10(b). Failure to file an amended complaint by this deadline will result in the dismissal of this action without further notice.

(3) The Clerk is directed to **STRIKE** Plaintiff's complaint (Doc. 1) and reset deadlines.

**ORDERED** in Tampa, Florida, on October 31, 2022.

                              **TOM BARBER**
                              **UNITED STATES DISTRICT JUDGE**